UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY O'BRIEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>POPSUGAR INC., et al.,<br><br>Defendants. | Case No. 18-cv-04405-HSG<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 16 |

Pending before the Court is a motion to remand to Santa Clara Superior Court filed by Plaintiffs Cathy O'Brien and Laura Adney. Dkt. No. 16. For the following reasons, the Court GRANTS the motion.

I. **BACKGROUND**

On June 7, 2018, Plaintiffs filed suit against Defendants PopsSugar Inc. and PopSugar Media Inc. (collectively, "POPSUGAR"), alleging that POPSUGAR misappropriated the identities and likenesses of internet bloggers, or "influencers," by creating separate profiles used for POPSUGAR's commercial gain. Dkt. No. 1-1, Ex. A ("Compl.") ¶¶ 1–3. Plaintiffs alleged state law class action claims under the California Unfair Competition Law ("UCL"), California common law right of publicity, and for common law intentional interference with a contractual relationship and unjust enrichment. *Id.* ¶¶ 43–68. Plaintiffs did not bring any federal claims. *Id.*

Plaintiffs allege in the complaint that POPSUGAR opened a "Looks" section of its website, and featured "influencer profiles, along with images from their Instagram posts." Compl. ¶ 23. Plaintiffs further allege that, "for each influencer that PopSugar 'featured' on its website, it also included their personas, likenesses, logos, and blog titles." *Id.* ¶ 24. The complaint goes on to list types of content that POPSUGAR allegedly misappropriated. *Id.* ¶¶ 23–26.

On July 20, 2018, Defendants removed the action to federal court, invoking federal question jurisdiction based on the Copyright Act's complete preemption of Plaintiffs claims. Dkt. No. 1 ¶¶ 9–10. On August 16, 2018, Plaintiffs filed the pending motion to remand. Dkt. No. 16.

## II. LEGAL STANDARD

### A. Motions to Remand

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Courts construe removal statutes narrowly to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1117 n.2 (9th Cir. 2002).

The Court examines the complaint on its face to determine subject matter jurisdiction. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). That focus applies where removal is sought on the basis of either a federal question or diversity jurisdiction. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal question); *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189–90 (9th Cir. 1970) (diversity jurisdiction). "On a motion to remand, 'the Court accepts the allegations of plaintiff's complaint as true.'" *Bastami v. Semiconductor Components Indus., LLC*, No. 17-CV-00407-LHK, 2017 WL 1354148, at *3 (N.D. Cal. Apr. 13, 2017) (collecting cases).

"[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue. There does exist, however, an independent corollary to the well-pleaded complaint

2

rule, known as the complete pre-emption doctrine. On occasion, the Court has concluded that the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc.*, 482 U.S. at 393 (internal quotation marks and citations omitted).

## III. DISCUSSION

Defendants contend that this Court has jurisdiction over Plaintiffs' claims because each of Plaintiffs' claims is preempted by the Copyright Act.

### A. Preemption

The Copyright Act's preemption provision states, in relevant part:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C.A. § 301(a).

The Ninth Circuit has "adopted a two-part test, in accordance with section 301 [of the Copyright Act], to determine whether a state law claim is preempted by the Act." *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017) (internal citations and quotation marks omitted). First, courts "decide whether the subject matter of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. Second, assuming it does, [courts] determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." *Id.* (internal citations and quotation marks omitted).

### B. Plaintiffs' Claims

Defendants must first establish that the allegedly misappropriated information "come[s] within the subject matter of copyright as specified by sections 102 and 103." 17. U.S.C.A. §

301(a). The information "does not necessarily have to be actually protected by a specific copyright or even itself be copyrightable; it just has to be 'within the subject matter' of the Act." *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1124 (N.D. Cal. 2001).

Defendants contend that, because Plaintiffs allege in the complaint that POPSUGAR copied influencers' photographs, "the subject matter of Plaintiffs' claims is photographs." Dkt. No. 28 at 8–10. Defendants contend that step one of the preemption analysis is satisfied because photographs fall within the protective scope of the Copyright Act. *Id.*

### i. Right of Publicity (Claim Two)

Even though a "photograph itself . . . is subject matter protected by the Copyright Act," where "it is not the publication of the photograph itself, as a creative work of authorship, that is the basis for [Plaintiffs'] claims, but rather, . . . the use of the [Plaintiffs'] likenesses and their names" associated with the photograph, the subject of the claims is not a "work of authorship" under the Act. *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003–4 (9th Cir. 2001).

The complaint alleges that "PopSugar misappropriated influencers' personas by copying likenesses, logos, and content from real influencer profiles and posts and creating fake influencer profiles on the PopSugar website." Compl. ¶ 24. The examples cited in the complaint include Plaintiffs' Instagram usernames and names in text copied in proximity to Plantiffs' images. *Id.* ¶¶ 23–26. Plaintiffs' right of publicity claim also references Defendants' alleged misappropriation of Plaintiffs' identities and/or likenesses. *Id.* ¶ 52 ("PopSugar knowingly used the names, identities, photographs, and likenesses of Plaintiffs and Class Members to directly advertise or sell products or services.").

Although Plaintiffs' allegations in part involve the misappropriation of photographs, those photographs are not the exclusive subject of Plaintiffs' right of publicity claim. Plaintiffs' claim additionally relies on information outside of the photographs, including the "names [and] identities" associated with Plaintiffs' likenesses. *See id.* In *Maloney*, the Ninth Circuit held that a "publicity-right claim is not preempted when it targets non-consensual *use* of one's name or likeness on merchandise or in advertising." *Maloney*, 853 F.3d at 1011. That holding is dispositive of Defendants' preemption argument here.

4

Defendants attempt to distinguish *Maloney*'s holding by contending that it only applies when the "merchandise or [] advertising" involves an "unrelated" product. Dkt. No. 28 at 11. But *Maloney* does not draw that distinction. The term "unrelated" only appears as a summary reference to a different case, *see Maloney*, 853 F.3d at 1016, and the Ninth Circuit gave no indication that its discussion of the preemption standard for right of publicity claims hinged on this issue. Defendants then contend that, because Plaintiffs' "principal factual allegation is that PopSugar republished Plaintiffs' Instagram photos," *Maloney* is inapplicable. Dkt. No. 28 at 11. But that argument is inconsistent with the complaint, which alleges many times over that Defendants misappropriated Plaintiffs' likenesses and identities.

Here, because Plaintiffs allege an unlawful use of their likenesses by Defendants, and further allege the misappropriation of non-photographic elements of their likenesses and identities, Plaintiffs have asserted rights that are not equivalent to the rights of copyright holders. Therefore, the subject matter of Plaintiffs' right of publicity claim does not fall within the subject matter of the Copyright Act. *See Downing*, 265 F.3d at 1004–5.

### ii. Contract Interference (Claim Three)

"Most courts have held that the Copyright Act does *not* preempt the enforcement of contractual rights." *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005) (emphasis in original). If a state law contract claim "includes an extra element that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law claim is not preempted by the Copyright Act." *Id.* at 1089.

The complaint alleges that "Plaintiffs and Class Members had valid and existing contracts with third party affiliates that provided links to retail items advertised, modeled, and/or promoted within their online content." Compl. ¶ 60. Plaintiffs allege that "[b]y posting Plaintiffs' and Class Members' content on its own website and replacing Plaintiffs' and Class Members' affiliate links with links from its own affiliates, Defendants intentionally and wrongfully interfered with Plaintiffs', Class Members', and their affiliates' performance of these contracts." *Id.* ¶ 61.

The subject matter of Plaintiffs' contract interference claim is not limited to the use of Plaintiffs' photographs. The contract claim additionally relies on the unauthorized removal of

5

third-party affiliates' links that were associated with the photographs. *Id*. The removal of those links is a key component to Plaintiffs' claim, and is separate from the reproduction of Plaintiffs' photographs. For this reason, Plaintiffs' contract interference claim is not preempted by the Copyright Act.

### iii. Unjust Enrichment (Claim Four)

The complaint alleges that "Plaintiffs and Class Members have conferred a benefit upon Defendants, and Defendants have received and retained money from affiliates, all of which belong to Plaintiffs and Class Members as a result of Defendants' co-opting their content, likenesses, and identities and replacing Plaintiffs' and Class Members' affiliate links with those of its own." Comp. ¶ 64. These allegations are entirely co-extensive with Plaintiffs' contract interference claim, described above. *See* Section III(B)(ii), *supra*. As with the contract interference claim, an integral component of Plaintiffs' unjust enrichment claim is separate and separable from the unauthorized used of Plaintiffs' photographs. For that reason, Plaintiffs' unjust enrichment claim is not preempted by the Copyright Act.

### iv. UCL (Claim One)

The UCL "borrows violations of other laws and treats them as unlawful practices," and "makes [them] independently actionable." *AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 28 Cal. App. 5th 923, 950 (Ct. App. 2018) (internal quotation marks and citations omitted). Plaintiffs allege the same facts underlying their right of publicity claim as the basis of their UCL claim. Compl. ¶¶ 44–49.

For the same reasons discussed above with respect to Plaintiffs' right of publicity claim, Plaintiffs' UCL claim relies on additional rights separate from the infringement of Plaintiffs' copyrighted images. *See* Section III(B)(i), *supra*. Therefore, to the extent Plaintiffs' UCL claim relies upon Plaintiffs' non-preempted state law claims, the UCL claim is also not preempted. *See Silicon Image, Inc. v. Analogix Semiconductor, Inc.*, No. C-07-0635 JCS, 2007 WL 1455903, at \*9 (N.D. Cal. May 16, 2007) (finding UCL claim not preempted to the extent based on non-preempted contract claim).

## IV. CONCLUSION

Because none of Plaintiffs' state law claims are preempted by the Copyright Act, the Court **GRANTS** Plaintiffs' motion to remand the case. The clerk is **DIRECTED** to remand this case to Santa Clara County Superior Court

**IT IS SO ORDERED.**

Dated: 2/6/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge